## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

ESTATE OF RUSSELL FROST, et al.,                )
                                                )
                        Plaintiffs,             )
                                                )    Case No. 23-cv-9453 (LAP)
            v.                                  )
                                                )
KUWAIT FINANCE HOUSE, et al.,                   )    ~~[PROPOSED]~~ **JOINT**
                                                )    **STIPULATION**
                        Defendants.             )    **AND** ~~[PROPOSED]~~
                                                )    **PROTECTIVE ORDER**
                                                )
                                                )
_____             )

     This matter comes before the Court in the above-captioned case (the "Litigation") by stipulation of the Plaintiffs, Defendants Kuveyt Türk Katilim Bankasi A.S. ("Kuveyt Türk") and Kuwait Finance House ("KFH"), and "Nominal Defendants" Citibank N.A., Standard Chartered Bank, HSBC Bank USA N.A., Bank of New York Mellon N.A., and JPMorgan Chase Bank N.A. (together, "Parties") for the entry of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 502(d) of the Federal Rules of Evidence (the "Order"). Having found that the Parties, by, between, and among their respective counsel, have stipulated and agreed to the terms set forth herein, and good cause having been shown;

     IT IS HEREBY ORDERED THAT:

     A.    **Purpose:** Disclosure and discovery activity in the Litigation is likely to involve the exchange, production, and filing of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting and defending the Litigation will be warranted. Accordingly, this Order is being entered into to facilitate the production, exchange, discovery, and disclosure of documents and information,

including but not limited to (i) documents or information that the producing Party deems confidential and that merit confidential treatment, (ii) documents or information that is privileged and/or otherwise protected from disclosure, and (iii) protected documents or information that is inadvertently produced. This Order shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admission, responses to requests for production, information disclosed at court hearings, court transcripts, court filings, and any other information or material produced, given, or exchanged by and among the Parties and any non-parties to the Litigation.

B. **Definitions**

1. "Party" or "Parties" means any party to this Litigation and its affiliates, including all of its officers, directors, employees, consultants, retained experts, legal guardians, guardians *ad litem*, and Outside Counsel (and their support staff).

2. "Disclosure Material" means, but is not limited to, all items or information or documents derived from such items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including but not limited to documents, testimony, transcripts, or tangible things), that is exchanged, disclosed, or filed in connection with this Litigation or miscellaneous cases *Hamen et al v. Islamic Republic of Iran*, 23-mc-00004 (JHR), *Frost et al v. Islamic Republic of Iran*, 23-mc-00005 (JHR), *W.A. et al v. Islamic Republic of Iran*, Case No 23-mc-00168 (JPO) and *Estate of Jeremy Wise et al. v. Islamic Republic of Iran*, Case No. 24-mc-343 (collectively, "Miscellaneous Cases"), as well as materials derived from such items or information.

3. "Discovery Material" means, but is not limited to, all items or information or documents derived from such items or information, regardless of the medium or manner in

which it is generated, stored, or maintained (including but not limited to documents, testimony, transcripts, or tangible things), that are produced or generated in disclosures or responses to discovery in this Litigation or the Miscellaneous Cases.

      4.    "Producing Party" means a Party or third party that produces Disclosure Material or Discovery Material in this Litigation.

      5.    "Receiving Party" means a Party that receives Disclosure Material or Discovery Material from a Producing Party.

      6.    "Designating Party" means a Party that designates Disclosure Material or Discovery Material as "Confidential," "Highly Confidential," or "Attorneys' Eyes Only" pursuant to Section E of this Order.

      7.    "Protected Information" means all Disclosure Material or Discovery Material, or portions thereof, as well as any copies, summaries, or abstracts thereof, which have been designated by the Designating Party as "Confidential," "Highly Confidential," or "Attorneys' Eyes Only," pursuant to Section E of this Order.

      8.    "Outside Counsel" means attorneys who are not employees of a Party but who are retained to represent or advise a Party in connection with this Litigation.

      9.    "Counsel of Record" means Outside Counsel who have entered an appearance in *Estate of Russell Frost v. Kuwait Finance House*, Case No. 22-cv-9543 (LAP).

      10.    "Expert" means a person with specialized knowledge or experience in a matter pertinent to the Litigation who has been retained by a Party or its counsel to serve as an expert witness or as a non-testifying consultant in this Litigation. This definition includes professional jury or trial consultants retained in connection with this Litigation and excludes any potential or actual trial, hearing, or deposition fact witnesses.

11.     "Professional Vendors" means persons or entities (including their employees and subcontractors) that provide litigation support services (e.g., document collection, processing, and storage; photocopying; videotaping; translating; preparing exhibits or demonstratives; organizing, storing, retrieving data in any form or medium; etc.).

12.     "Privileged Documents" means documents that a Producing Party believes constitute, contain, or reflect information otherwise protected by the attorney-client privilege, the common interest privilege, the work product doctrine, the bank examination privilege, or any other privilege, protection, or immunity from discovery.

13.     "Nonpublic Personal Information" means any information that constitutes "nonpublic personal information" within the meaning of Section 509(4) of the Gramm-Leach-Bliley Act, 15 U.S.C. § 6809, and its implementing regulations, including, but not limited to, any financial information for any person and any personally identifiable information with respect to such person, including but not limited to name, address, social security number, or telephone number.

C.     **Restrictions on Disclosures to John Doe**

1.     No Party may share any Disclosure Material or Discovery Material exchanged, filed, or produced by any Defendant or Nominal Defendant, with John Doe or any attorney or other agent of John Doe unless expressly and specifically authorized by court order in the Litigation or unless specifically agreed to in writing by the Producing Party and Outside Counsel for Kuveyt Türk and KFH.

2.     To the extent Disclosure Material or Discovery Material exchanged, filed, or produced by a Defendant or Nominal Defendant has been improperly shared with John Doe or any attorney or other agent of John Doe, either intentionally or inadvertently, the provider of

that Disclosure Material or Discovery Material shall (a) notify the Producing Party and Outside Counsel for Kuveyt Türk and KFH within one (1) day of discovery of the unauthorized disclosure, and (b) make reasonable efforts to retrieve or return the Disclosure Material or Discovery Material promptly and to have the recipient delete or destroy the information.

       3.     To the extent the restrictions on disclosures to John Doe as set out in this Section C are greater than the restrictions relevant to third-party witnesses other than John Doe as set out in the remainder of this Order, the restrictions in Section C govern. For avoidance of doubt, John Doe is not considered an "Expert" in this Litigation.

       D.    **Use of Disclosure and Discovery Material:**  All Disclosure Material and Discovery Material (or any copies, summaries, or abstracts thereof) shall be used by a Receiving Party solely for the purpose of conducting this Litigation (including for purposes of mediating or otherwise attempting to settle this Litigation) and the enforcement of insurance rights with respect to this Litigation, and for no other purposes.

       E.    **Designating Protected Material**

       1.     A Designating Party may designate Disclosure Material and Discovery Material for protection as "Confidential," "Highly Confidential," or "Attorneys' Eyes Only" under this Order if it has a good faith basis for the designation. For the avoidance of doubt, Disclosure Material and Discovery Material that may be designated includes transcripts and portions of transcripts of testimony offered in Court proceedings and depositions, as well as any documents or information exchanged, filed, or produced in the Miscellaneous Cases.

       2.     "Confidential" information means Disclosure Material and Discovery Material that constitutes or contains (i) any trade secret or other confidential research, design, development, financial, or commercial information; (ii) personal or other sensitive information;

(iii) information subject to foreign legal restrictions, including, but not limited to, bank secrecy and data privacy laws; or (iv) similarly confidential or sensitive information.

3. "Highly Confidential" information means Disclosure Material and Discovery Material that contains highly sensitive information, the unauthorized disclosure of which would result in competitive, commercial, or financial harm to the Producing Party and its clients or customers.

4. "Attorneys' Eyes Only" information means particularly sensitive Disclosure Material and Discovery Material with respect to which a Party believes in good faith that, despite the provisions of this Order, there is a serious risk of physical harm to any person or his/her immediate family, harm to the personal security of any person or his/her immediate family, or loss of the freedom of movement of any person or his/her immediate family if the particular documents and information designated as "Attorneys' Eyes Only" are disclosed to, disseminated to, or used by any unauthorized person.

5. Each Designating Party that designates Disclosure Material and Discovery Material for protection under this Order will take reasonable care to limit any such designation to specific material that qualifies under the appropriate standards. If it comes to a Designating Party's attention that Disclosure Material or Discovery Material that it designated for protection does not qualify for protection or does not qualify for the level of protection initially asserted, that Designating Party shall promptly notify all other Parties that it is withdrawing or changing the mistaken or outdated designation.

6. Any Disclosure Material and Discovery Material containing "Nonpublic Personal Information" (as defined in Section B.13 above) is hereby designated as "Confidential"

unless the Producing Party removes or raises the level of such designation in writing or on the record at a proceeding.

7.     In the case of documents, interrogatory answers, responses to requests to admit, electronically stored information (other than that produced in native form), and information contained therein, designation shall be made by marking or stamping each page as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" as appropriate. As appropriate, electronically stored information produced in native format (if any) shall include any "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" designation in the file name or in a confidentiality metadata field, and material produced in a non-paper media (e.g., videotape, audiotape, computer disc, thumb drive, or other physical media) may be designated as such by labeling the outside of such non-paper media as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY."

8.     All depositions, transcripts of such depositions, and testimony offered in Court proceedings shall be treated as Confidential Information subject to this Order, unless otherwise specified in writing or on the record by the Producing Party. Transcripts shall be marked by the court reporter with the legend "THIS TRANSCRIPT CONTAINS CONFIDENTIAL MATERIAL," "THIS TRANSCRIPT CONTAINS HIGHLY CONFIDENTIAL MATERIAL," or "THIS TRANSCRIPT CONTAINS ATTORNEYS' EYES ONLY MATERIAL" and shall be treated in accordance with the provisions of this Order.

9.     The Parties agree to extend the provisions of this Protective Order to Protected Information produced in this case by any third party. All Discovery Material produced by a third party shall be presumptively treated as Confidential Information subject to this Protective Order until thirty (30) days after receipt by the Parties, except that any Discovery

Material pertaining to John Doe produced by a third party shall be presumptively treated as Attorneys' Eyes Only provided that it is affirmatively identified to the Parties as pertaining to John Doe and is produced separately from Discovery Material that does not pertain to John Doe. At or before the end of such thirty (30) day period, the third party that produced the Discovery Material or any other Party may designate the Discovery Material produced by the third party as Protected Information for future purposes. The designating party (if other than the third party that produced the Discovery Material) shall provide notice of such designation in writing to the other Parties as well as the third party that produced the Discovery Material, specifying the portion(s) of the Discovery Material that constitute or contain Protected Information.

F.     **Use and Disclosure of Information**

1.     Except with the prior written consent of the Designating Party or by Order of the Court, Confidential Information shall not be furnished, shown, or disclosed by a Receiving Party or by any other person who comes into possession of such information to any person or entity except to the following:

a.     Counsel of Record;

b.     Outside Counsel for the Parties and their support staff operating in the role of paralegals (however titled, including legal assistants, project assistants, etc.);

c.     The Receiving Parties, including (i) a guardian *ad litem*, (ii) a legal guardian of any Party, or (iii) any employee, director, or other agent of a Party who is involved in overseeing or monitoring the Litigation or involved in an investigation of the claims or defenses in the Litigation;

      d.     Experts who are not employed by a Party but otherwise are retained by a Party in connection with this Litigation, and members of the Expert's staff or vendors working under the Expert's supervision;

      e.     Professional Vendors not employed by a Party but otherwise retained by the Parties or their counsel to furnish technical services in connection with this Litigation;

      f.     Officers before whom a deposition is taken, including stenographic reporters, videographers, translators, and any necessary secretarial, clerical, or other personnel of such officer;

      g.     Any other person specifically identified and agreed to in writing by the Parties;

      h.     Potential or actual trial, hearing, or deposition witnesses and their counsel. For avoidance of doubt, as governed by Section C, John Doe or any attorney or other agent of John Doe is excluded from this category; and

      i.     The insurers and reinsurers of the Parties to this Litigation, and counsel to such insurers and reinsurers as necessary for the prosecution or defense of this Litigation; regulators, auditors, and accountants of the Parties.

      2.     Except with the prior written consent of the Parties or by Order of the Court, Highly Confidential Information shall not be furnished, shown, or disclosed by a Receiving Party or by any other person who comes into possession of such information to any person or entity except the following:

      a.     Counsel of Record;

b.      Outside Counsel for the Parties and their support staff operating in the role of paralegals (however titled, including legal assistants, project assistants, etc.);

c.      Current and former officers, directors, or employees of each Receiving Party, or to the individual plaintiffs, but only as long as Counsel of Record for the Receiving Party in good faith believes that disclosure is reasonably necessary to the oversight, pursuit, or defense of this Litigation and authorization of strategic litigation decisions such as settlement or appeal;

d.      Experts who are not employed by a Party, but only as long as Counsel of Record for the Receiving Party in good faith believes that disclosure is reasonably necessary to the oversight, pursuit, or defense of this Litigation;

e.      Professional Vendors not employed by a Party but otherwise retained by the Parties or its counsel to furnish technical services in connection with this Litigation, but only as long as Counsel of Record for the Receiving Party in good faith believes that disclosure is reasonably necessary to the oversight, pursuit, or defense of this Litigation;

f.      Officers before whom a deposition is taken, including stenographic reporters, videographers, translators, and any necessary secretarial, clerical, or other personnel of such officer, provided that the witness and witness's counsel are not permitted to retain copies of any Highly Confidential Information after the deposition;

g.      Any other person specifically identified and agreed to in writing by the Parties;

h.      Any potential or actual trial, hearing, or deposition witnesses and their counsel, but only as long as Counsel of Record for the Receiving Party in good faith believes that disclosure is reasonably necessary to the oversight, pursuit, or defense of this

Litigation. For avoidance of doubt, as governed by Section C, John Doe or any attorney or other agent of John Doe is excluded from this category; and

      i.      Insurers and reinsurers of the Parties to this Litigation, and counsel to such insurers and reinsurers but only as long as the Counsel of Record for the Receiving Party in good faith requires their assistance in the prosecution or defense of this Litigation or needs to make such a disclosure to pursue, obtain, or retain coverage.

      3.      Attorneys' Eyes Only Information shall not be furnished, shown, or disclosed to any person or entity other than (a) five attorneys from any firm who has been retained to represent a Party and who are also Counsel of Record; or (b) as otherwise agreed to in writing by Counsel of Record for the Parties. If attendance at a deposition or any portion of a Court proceeding can reasonably be expected by the Designating Party to reveal Attorneys' Eyes Only Information, then, pursuant to Rule 26(c)(1)(E) of the Federal Rules of Civil Procedure, persons not permitted to receive Attorneys' Eyes Only Information shall not be present for such portion of the deposition or such portion of a Court proceeding when Attorneys' Eyes Only Information is discussed. The Parties further agree to meet and confer in good faith regarding procedures to share Attorneys' Eyes Only Information with any other individuals to whom Counsel of Record for the Parties in good faith believe that disclosure is reasonably necessary for the oversight, pursuit, or defense of this Litigation. If the Parties fail to agree on such procedures and if the Receiving Party encounters severe difficulty with respect to any particular Attorneys' Eyes Only information, the Receiving Party may make an appropriate motion to the Court.

      4.      Notwithstanding the above provisions, disclosure may be made to Court and court personnel regardless of the designation, subject to the requirement that the party seeking to disclose any Protected Information to the Court and court personnel file such Protected

Information, including summaries, descriptions, or abstracts thereof, as restricted to Parties' and Court access only in accordance with this Order.

5.    For clarity, the Counsel of Record designated to receive Attorneys' Eyes Only Information may not disclose such Information to potential or actual trial, hearing, or deposition witnesses or their counsel without leave of Court or by mutual agreement of the Producing Party and the Receiving Party.

6.    All persons who are authorized to receive and are shown Confidential Information by a Receiving Party pursuant to Sections F(1)(d), (e), (f), (g), (h), and (i), Highly Confidential Information pursuant to Sections F(2)(d), (e), (f), (g), (h), and (i), or Attorneys' Eyes Only Information pursuant to Section F(3), shall be provided a copy of this Protective Order prior to receipt of Protected Information, and shall in a written and signed Confidentiality Agreement substantially in the form annexed as Exhibit A, state that he or she has read the Order, and agrees to be bound by its terms.  Counsel shall retain copies of the signed "Exhibit A" forms until final resolution of this Litigation, including appeals.

7.    Counsel of Record designated to receive Attorneys' Eyes Only Information pursuant to Section F(3) shall indicate such designation on the Confidentiality Agreement substantially in the form annexed as Exhibit A.

8.    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Information to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately, after discovery of the disclosure, (a) notify the relevant Designating Party in writing of the unauthorized disclosure(s) and the identity of such persons(s) to whom Protected Information was disclosed, (b) inform Unauthorized Recipient(s) of all the terms of this Order, (c) request Unauthorized Recipient(s) to execute the Confidentiality

Agreement attached hereto as Exhibit A, and (d) make reasonable efforts to retrieve the information promptly.

9.    If any document previously filed in connection with the Litigation under seal that contains Protected Information is to be unsealed, a Designating Party shall have the opportunity to redact any Protected Information and any pleading, brief, or memorandum which reproduces, paraphrases, or discloses Protected Information before it is made publicly available.

10.    All persons who are authorized to receive or to be shown Protected Information under this Order shall maintain such material in a manner that reasonably limits access to the persons authorized under this Order.

11.    The Parties recognize and agree that the violation of or failure to comply with this Order by any person to which this Order applies is considered a violation of an order of this Court.

12.    Counsel for the Parties agree to meet and confer later in the discovery period regarding whether the disclosure of any Protected Information under this Order to counsel for the parties in *Levinson v. Citibank*, 21 cv 4795 (LAP) may be appropriate.  Parties reserve all arguments for and against such disclosure.

G.    **Material Subpoenaed or Ordered Produced to a Non-Party**: If any Receiving Party receives a subpoena, grand jury subpoena, or other document production request seeking production or other disclosure of Protected Information produced by a Producing Party in this Litigation, that Party promptly shall, to the extent permitted by law:

1.    Notify Counsel for the relevant Designating Party and Producing Party—in writing (by email, if possible) as promptly as reasonably possible and in no event more than five calendar days after receiving the subpoena or document production request—identifying the

Protected Information sought and, to the extent permitted by law, enclosing a copy of a subpoena, request, or order;

2.    Promptly notify in writing the party and court (if applicable) that caused the subpoena, request, or order to issue that some or all the material covered by the subpoena, request, or order is subject to this Order and provide them with a copy of this Order; and

3.    Seek permission from the party or court that caused the subpoena, request, or order to issue to delay any compliance until such time as the Designating Party or Producing Party has had an opportunity to seek relief with respect to the subpoena, request, or order.

Counsel for the relevant Designating Party or Producing Party may timely make any objections to production of Protected Information, including by reference to the existence of this Order. Unless and until such objections are overruled by a court, or a court otherwise orders production of Protected Information, no Receiving Party may produce or divulge the contents of Protected Information, except with express written consent of the relevant Designating Party and Producing Party. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party to disobey a lawful directive of another court.

H.    **Subsequent Designation**: Any Disclosure or Discovery Material that may contain Protected Information that has been produced without designation as to its protected nature as provided in Section E of this Order, may be later designated by the Party asserting the confidentiality designation by written notice to undersigned counsel for a Receiving Party and accompanied by substitute copies of each document or thing appropriately marked as Confidential, Highly Confidential, or Attorneys' Eyes Only Information. To the extent such information may have been disclosed to anyone not authorized to receive Protected Information, as applicable, the Receiving Party shall make reasonable efforts to retrieve the information promptly, or procure, as

needed, an executed Confidentiality Agreement as set forth in Exhibit A, and to avoid any further

disclosure, in accordance with Section F(5), *supra*.

I.    **Challenging Confidentiality Designation**: A Receiving Party may, at any time,

notify a Designating Party or Producing Party that a Receiving Party is challenging the designation

of Disclosure or Discovery Material as Confidential, Highly Confidential, or Attorneys' Eyes

Only. The Parties shall meet and confer in good faith regarding any such disagreement over the

classification of Disclosure or Discovery Material and, if a Designating Party does not agree to a

change in the designation of such Disclosure or Discovery Material, either Party may seek relief from

the Court in an appropriate motion. If such a motion is filed, the Disclosure or Discovery Material

shall be deemed Protected Information, with the same confidentiality designation as asserted by

the Designating Party, unless and until the Court rules otherwise, and a 14-day period to move to

reconsider or appeal that ruling has expired without a motion to reconsider or an appeal or a

petition for mandamus having been filed.

J.    **Privileged Documents**

1.    To the maximum extent permitted by the law, the production of documents

by a Producing Party shall be governed by Rule 26(b)(5)(B) of the Federal Rules of Civil

Procedure regarding production of documents, electronically stored information, or information

protected by the attorney-client privilege, the work product doctrine, or any other privilege or

protection from disclosure recognized under applicable law. Pursuant to Rule 502(d) of the

Federal Rules of Evidence, the attorney-client privilege or work-product protection is not waived

by disclosure connected with this Litigation.

2.    A Producing Party's disclosure in connection with this Litigation of one or

more Privileged Documents shall not constitute, and may not be argued to constitute, a waiver of

any applicable privilege or immunity with respect to such Privileged Documents or any other privileged documents or information. The Parties and their counsel do not intend by this Protective Order to waive their rights to any protection or privilege from disclosure, including but not limited to the attorney-client privilege and the attorney work product doctrine, all of which the Parties expressly reserve.

3.      The procedure set forth below is intended to provide the Producing Party or any other party purporting to hold a privilege with an efficient method for "clawing back" Privileged Documents that have been produced, subject to any resolution of any dispute over the privileged or protected status of the information, and for foreclosing any arguments of waiver.

4.      If a Receiving Party receives materials that reasonably appear to be subject to an attorney-client privilege, the common interest privilege, or otherwise protected by a discovery privilege or immunity, the Receiving Party shall immediately notify Counsel of Record for the Producing Party, in writing, that he or she possesses material that reasonably appears to be privileged.

5.      In the event a Producing Party discovers it has disclosed Privileged Documents, the Producing Party may provide notice to Counsel of Record for the other Parties advising of the disclosure and requesting return of the Privileged Documents. Upon such notice, the Receiving Party and its Counsel of Record shall, consistent with Rule 26(b)(5)(B), promptly return or sequester all copies of the document(s) as required below.

6.      Upon receiving notice from a Producing Party or its Counsel of Record that it is requesting the return of Privileged Documents, the Receiving Party and its Counsel of Record shall immediately sequester all copies of the document(s) in a manner that will prevent further disclosure or dissemination of their contents.

a.     Within five (5) days of receiving notice from a Producing Party or its Counsel of Record requesting the return of Privileged Documents, the Receiving Party and its Counsel of Record will notify Counsel of Record for the Producing Party in writing whether the Receiving Party intends to challenge the designation of the documents as Privileged Documents. If the Receiving Party intends to challenge the designation, the document(s) shall remain sequestered pending Court resolution of the challenge, and the Receiving Party and its Counsel of Record shall view and use the document(s) at issue only to the extent necessary to challenge the privilege claim. The document(s) that the Receiving Party intends to challenge shall only be submitted to the Court under seal for *in camera* review.

b.     If the Receiving Party does not intend to challenge the designation of the document(s) as Privileged Documents, the Receiving party and its Counsel of Record within ten (10) days of receiving such notice of production of Privileged Documents (i) shall return all original hard copy documents identified by the Producing Party in such notice (and use reasonable efforts to destroy all accessible electronic copies), and (ii) shall expunge any other documents, information, or material derived from the produced Privileged Documents. To the extent the Receiving Party provided any disclosed Privileged Documents to any other person or non-party, the Receiving Party shall promptly notify the Producing Party and make reasonable efforts to retrieve and have destroyed such Privileged Documents and notify the Producing Party, in writing, that it has done so.

7.     The Parties shall undertake reasonable efforts to resolve the issue of whether the documents are privileged without court intervention. To the extent the Parties cannot resolve the issue, a Party may seek relief from the Court. No Party, however, may assert as a ground for

compelling production the fact or circumstance that the Privileged Documents had already been produced.

8.    The Parties will serve a privilege log after the completion of production from which the documents were withheld or redacted consistent with the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. The Parties need not log (i) documents that are privileged communications and are solely communications between a Party and its Outside Counsel or (ii) documents that were created by Outside Counsel or in-house counsel, constitute attorney work product, and were not shared with any person or Party other than the Party represented by that counsel. Nothing in this Order prevents the Parties from meeting and conferring or negotiating separate agreements regarding privilege log creation, production, content, format, or related issues. The Parties reserve the right to raise privilege challenges concerning withheld material not required to be logged pursuant to this paragraph.

K.    **Preservation of Rights and Privileges**: This Order has no effect upon, and shall not apply to, a Producing Party's use of its own Disclosure Material or Discovery Material for any purpose. Nothing herein, nor the production of any documents or disclosure of any information pursuant to this Order, shall be deemed (a) to waive any privilege recognized by law; (b) to waive any obligations/restrictions imposed by foreign law(s); (c) to alter the confidentiality of any such information; (d) to waive any right a Party otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order; or (e) an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

L.    **Scope and Modification of the Order**: The provisions of this Order shall be binding upon the Parties and are intended to supersede any prior confidentiality agreements entered

into between the parties in this case, including those executed on February 16, 2024 and February 27, 2024. All modification of, waivers of, and amendments to this Order must be in writing and signed by, or on behalf of, all the Parties. The Parties agree that this Order may be changed by further order of this Court. The Parties further agree that entering into this stipulation does not waive, prejudice, or preclude any Party from seeking relief from any of its provisions, or seeking or agreeing to different or additional protection for any particular material or information.

M.    **Duration**: The terms, conditions, and limitations of this Order shall survive the termination of this Litigation until a Designating Party agrees otherwise in writing or a court order otherwise directs.

N.    Except to the extent that federal law may be applicable, this Order shall be governed by, and construed and interpreted in accordance with, the substantive laws of the State of New York without giving effect to its conflict-of-law principles. Any dispute arising under this Order shall be resolved by making an appropriate application to this Court in accordance with the Federal Rules of Civil Procedure, the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, and the Court's Individual Practices.

O.    This Order shall not be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility. Nothing in this Order shall prohibit or interfere with the ability of counsel for any Party, or of Experts or non-testifying consultants specially retained for this Litigation, to represent any individual, corporation, or other entity adverse to any Party or its affiliate(s) in connection with any other matters.

P.    This Order is without prejudice to any order issued previously or in the future by the Court regarding any matter addressed herein.

Dated: July 14, 2025                                          BY:

/s/ William M. Bosch                                        /s/ Steven T. Cottreau
William M. Bosch                                            Steven T. Cottreau
Gary Shaw                                                   Charlotte H. Taylor
Michael E. Jaffe                                            Gabrielle E. Pritsker
Thomas L. Howard III                                       Ariel N. Volpe
PILLSBURY WINTHROP SHAW                                     Lesley Roe
PITTMAN LLP                                                 JONES DAY
1200 Seventeenth Street NW                                  51 Louisiana Avenue, N.W.
Washington, D.C. 20036                                      Washington, D.C. 20001

Richard P. Donoghue                                         Fahad A. Habib
PILLSBURY WINTHROP SHAW                                     Yasmine Hajjaji
PITTMAN LLP                                                 JONES DAY
31 West 52nd Street                                         555 California Street, 26th Floor
New York, NY 10019                                          San Francisco, CA 94104

*Attorneys for Frost Plaintiffs*                            Mark G. Hanchet
                                                            Christopher J. Houpt
                                                            Robert W. Hamburg
/s/ Randy Singer                                            Benjamin D. Bright
Randy Singer                                                MAYER BROWN LLP
Kevin Hoffman                                               1221 Avenue of the Americas
SINGER HOFFMAN                                              New York, NY 10020
1209A Laskin Road
Virginia Beach, VA 23451                                    Eric L. Lewis
                                                            Alexander Bedrosyan
*Conflict Attorneys for the Frost Plaintiffs*              LEWIS BAACH KAUFMANN
                                                            MIDDLEMISS PLLC
                                                            1050 K. Street. N.W., Suite 400
/s/ Sharon L. Schneier                                      Washington, D.C. 20001
Sharon L. Schneier
Mohammad Basim Pathan                                       Adam S. Kaufmann
DAVIS WRIGHT TREMAINE LLP                                   John W. Moscow
1251 6th Avenue 21st Floor                                  Solomon B. Shinerock
New York, NY 10020                                          Annika Conrad
                                                            LEWIS BAACH KAUFMANN
*Attorneys for Citibank, N.A.*                             MIDDLEMISS PLLC
                                                            10 Grand Central
                                                            155 East 44th Street
/s/ Stephen M. Dollar                                       New York, NY 10017
Stephen M. Dollar
Devlin Healey                                               *Attorneys for Kuwait Finance House and*
Sean M. Topping                                             *Kuveyt Türk Katilim Bankasi A.S.*
NORTON ROSE FULBRIGHT US LLP

1301 Avenue of the Americas
New York, NY 10019

*Attorneys for HSBC Bank USA N.A.*


*/s/ Steven B. Feigenbaum*
Steven B. Feigenbaum
BRAVERMAN GREENSPUN, P.C.
110 East 42nd St., 17th Floor
New York, NY 10017


*Attorney for JPMorgan Chase Bank N.A.*

*/s/ Lisa J. Fried*
Lisa J. Fried
HERBERT SMITH FREEHILLS
KRAMER NEW YORK LLP
200 Park Avenue
16th Floor
New York, NY 10017

*Attorney for Standard Chartered Bank*


*/s/ Evan T. Barr*
Evan T. Barr
Anthony R. Todd
REED SMITH LLP
599 Lexington Avenue
New York, NY 10022


*Attorney for Bank of New York Mellon N.A.*


**SO ORDERED.**

Dated: _July 15, 2025_   _Loretta A. Preska_
THE HONORABLE LORETTA A. PRESKA
United States District Judge

## EXHIBIT A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ESTATE OF RUSSELL FROST, et al., | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 23-cv-9453 (LAP) |
| KUWAIT FINANCE HOUSE, et al., | ) ) | |
| Defendants. | ) ) | |

## DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1.　I have received a copy of the Protective Order entered in the above named action.

2.　I have carefully read and understand the provisions of the Protective Order.

3.　I agree to comply with all provisions of the Protective Order.

4.　I will hold in confidence, and will not disclose to anyone not qualified under the Protective Order, any information, documents or other materials produced subject to this Protective Order.

5.　I will use such information, documents or other materials produced subject to this Protective Order only for purposes of this present action.

6.　At the conclusion of my work on this matter, or upon request, I will return or destroy all information, documents, or other materials produced subject to this Protective Order, and all documents or things which I have prepared relating to the information, documents, or other materials that are subject to the Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

7.      I understand that sanctions may be entered for violation of the Protective Order.  I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this Litigation.

8.      [   ] **[CHECK IF APPLICABLE]** I am Counsel of Record for [Plaintiffs / Defendants] and authorized to receive Attorneys' Eyes Only Information in accordance with Sections E(1) and F(3). I understand that the disclosure of Attorneys' Eyes Only information poses the risks identified in Section E(4) of the Protective Order. I agree to comply with all provisions of the Protective Order related to Attorneys' Eyes Only Information.


Dated:      _____      Signed: _____